UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN OTT,

                Plaintiff,                No. 11-15153
                                                Hon. Gerald E. Rosen

vs.

FEDERAL HOME LOAN MORTGAGE
CORPORATION and CHASE HOME
FINANCE LLC,

                Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

      This case involves a challenge by Plaintiff Kathleen Ott ("Plaintiff") to the foreclosure of her home. Plaintiff's complaint attempts to allege five separate claims against Defendants Federal Home Loan Mortgage Corporation and Chase Home Finance LLC (collectively "Defendants"). Defendants have moved to dismiss all of Plaintiff's claims. Having reviewed the parties' briefs, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* L.R. 7.1(f)(2). The Court's opinion and order is set forth below.

## II. FACTUAL BACKGROUND

Plaintiff entered into an $130,300 mortgage on April 8, 2003.  As with most mortgages, Plaintiff's mortgage included language enabling acceleration of the debt due and a foreclosure sale if Plaintiff fell behind on her mortgage.  Plaintiff eventually defaulted on her mortgage, and Defendants held a sheriff's sale on May 3, 2011.  Accordingly, Plaintiff's right to redeem expired on November 3, 2011.  At the foreclosure sale, Plaintiff's home was purchased by Freddie Mac.  Plaintiff filed this suit on November 2, 2011 to challenge the foreclosure sale on a variety of grounds.  Defendants removed the case to this Court on November 22, 2011, and filed a motion to dismiss on February 1, 2012.

## III. ANALYSIS

**A.   Applicable Standards**

In asserting a claim for relief, the Federal Rules of Civil Procedure require a short and plain statement of the claim, entitlement to relief, and the relief requested.  Fed. R. Civ. P. 8(a).  Furthermore, when alleging fraud or mistake, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Sixth Circuit has interpreted Rule 9(b) as requiring that Plaintiff describe specific statements, identify the speaker, specify when and where the statements were made, and explain why the statements were fraudulent.  *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).  "The threshold test is whether the complaint places the [D]efendant on sufficient notice of the misrepresentation, allowing the [Defendant] to answer, addressing in an informed way the [Plaintiff's] claim of fraud."  *Kashat v.*

*Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010). When a party fails to meet its Rule 9(b) burden, dismissal is warranted.

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the [Plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must "construe the complaint in the light most favorable to the [Plaintiff], accept [their] allegations as true, and draw all reasonable inferences in favor of the [Plaintiff]." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

**B.     Count I - Quiet Title**

A quiet title action is an attempt to establish a substantive right in property. *Beach v. Twp. of Lima*, 802 N.W.2d 1, 8 (Mich. 2011). Plaintiff attempts to ground her quiet

3

title claim in a variety of vague allegations ranging from the "robo-signing"[1] of affidavits to misleading conduct more generally. This claim fails as a matter of law because Plaintiff has not pled sufficient facts to raise their right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the Court will dismiss this claim.

Under Michigan law, any individual who claims a right in or title to land may bring an action against anyone who claims an inconsistent interest. Mich. Comp. Laws § 600.2932(1). In order to establish superior title, however, Plaintiff bears the initial burden of proof and must establish a *prima facie* case for title, at which point the burden of proving superior title shifts to Defendants. *Beulah Hoagland Appleton Qualified Pers. Residence Trust. v. Emmet Cnty Rd. Comm'r*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999); *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984). Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed. *Johns v. Dover*, No. 291028, 2010 WL 2696656, at *1 (Mich. Ct. App. July 8, 2010).

Plaintiff, however, has made no attempt to show a chain of title, let alone one that demonstrates a superior claim of ownership in Plaintiff's favor. Plaintiff has failed to make any pertinent factual allegations, instead resorting to conclusory statements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, Plaintiff has failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). Furthermore, to the

---

[1] "Robo-signing" in the foreclosure context refers to the practice of approving foreclosures without properly reviewing the accompanying documentation.

4

extent Plaintiff's quiet title claim relies on allegedly fraudulent conduct, Plaintiff has not alleged any specific conduct such that their complaint falls well short of Rule 9(b). *See Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008). Therefore, dismissal is appropriate.[2]

## C.    Count II - Unjust Enrichment

The text comprising Count II of Plaintiff's complaint, a claim for unjust enrichment, is copied nearly identically from Count I of Plaintiff's complaint.[3] Establishing a claim for unjust enrichment requires (1) receipt of a benefit by Defendants from Plaintiff, and (2) an inequity resulting to Plaintiff because of Defendants' retention of the benefit. *J&J Plumbing & Heating LLC v. Tate*, Nos. 277824, 279838, 2008 WL 4891807, at *4 (Mich. Ct. App. Nov. 13, 2008). Predictably, this claim also fails to state a claim upon which relief can be granted since Plaintiff's allegations are chiefly concerned with procedural defects in the loan modification process and alleged "robo-

---

[2] Plaintiff attempts to integrate a supposed violation of Mich. Comp. Laws § 600.3205c throughout her complaint, apparently in the hope that this allegation will salvage her complaint. Section 600.3205c establishes rules for mortgage parties engaging in loan modification discussions. Plaintiff claims that Defendants violated portions of this statute. However, Plaintiff's reliance on this statute fails as a matter of law. While § 600.3205c indeed establishes procedural requirements the mortgagee must comply with, they only govern the parties when the mortgagor contacts a housing counselor under § 600.3205b. Mich. Comp. Laws § 600.3205c(1). Nowhere in Plaintiff's complaint is there any intimation that Plaintiff contacted a housing counselor. As such, Plaintiff's claim under § 600.3205c fails as a matter of law.

[3] At this point it should be noted that Plaintiffs' attorney has reused swaths of this complaint in other cases in this District, with minimal success. *See, e.g.*, *Smith v. Bank of America Corp.*, No. 10-14161 (E.D. Mich. filed Oct. 18, 2010); *Bingham v. Bank of America, N.A.*, No. 10-11917 (E.D. Mich. filed May 12, 2010); *Smith v. Wells Fargo Home Mortg.*, No. 09-13988 (E.D. Mich. filed Oct. 8, 2009).

signing". That is, Plaintiff's allegations bear little relation to a claim of unjust enrichment; Plaintiff has not specified the benefit received by Defendants or the inequity resulting from the retention thereof. Furthermore, to the extent Plaintiff alleges that Defendants' conduct "constituted a deceptive act[,]" this claim sounds in fraud and fails to pass muster under Rule 9(b) because Plaintiff has made no attempt at describing allegedly deceptive conduct whatsoever. Therefore, dismissal is warranted. Fed. R. Civ. P. 9(b), 12(b)(6).

D.      Count III - Violation of Mich. Comp. Law § 600.3205c

Count III of Plaintiff's complaint, alleging a violation of Mich. Comp. Law § 600.3205c necessarily fails for the reason discussed in note 2, *supra*. Namely, while § 600.3205c indeed establishes procedural requirements the mortgagee must comply with, they only govern the parties when the mortgagor contacts a housing counselor under § 600.3205b. Mich. Comp. Laws § 600.3205c(1). Nowhere in Plaintiff's complaint is there any intimation that Plaintiff contacted a housing counselor. As such, Plaintiff's claim under § 600.3205c fails as a matter of law. Fed. R. Civ. P. 12(b)(6).

E.      Count IV - Wrongful Foreclosure

Plaintiff's fourth claim challenges the foreclosure based on purported irregularities in the assignment of her mortgage amongst Defendants and Defendants' predecessors. Specifically, Plaintiff alleges that at least one transfer of her mortgage was done without proper authority. As explained below, this claim fails because Plaintiff lacks standing to challenge the assignment of her mortgage.

In addition to the minimum requirements of constitutional standing,[4] the Supreme Court recognizes other prudential limits as well. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *Livonia Prop. Holdings v. Farmington Rd. Holdings*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). Among these limits is the principle that parties may only assert their own legal rights and interests. *Livonia Prop. Holdings v. Farmington Rd. Holdings*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). Where, as here, one party transfers its rights under a contract to another party, third parties to that assignment generally lack standing to challenge it. *See id.* at 735-36 (discussing Michigan case law). "In fact, for over a century, state and federal courts around the country have . . . [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Id.* at 736-37.

Here, Plaintiff challenges her foreclosure based on purported irregularities in the assignment of her mortgage amongst third parties. Since Plaintiff was not a party to the assignments that are challenged, she clearly lacks standing to challenge them. *Id.* at 735-36. Under established law, a third party may not challenge an assignment if the assignor and assignee act in accordance with the assignment and do not contest it themselves. *Id.*

---

[4] The "irreducible constitutional minimum" of standing requires that Plaintiffs show: "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

7

at 736 (discussing *Pashak v. Interstate Highway Constr., Inc.*, No. 189886, 1998 WL 2001203, at *1 (Mich. Ct. App. Mar. 20, 1998)). Therefore, Plaintiff lacks standing, and dismissal is appropriate. Fed. R. Civ. P. 12(b)(6).

**F.     Count V - Deceptive Act or Unfair Practice**

Plaintiff's final claim suggests that Defendants' alleged "robo-signing" of affidavits constituted a deceptive act or unfair practice in violation of state law. However, there is no cause of action under Michigan law for a deceptive act or unfair practice. *Salman v. U.S. Bank*, NA, No. 11–10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct. 18, 2011). As such, the Court will construe Plaintiff's claim as arising under the Michigan Consumer Protection Act ("MCPA"). *Id.*

Nevertheless, Plaintiff's claim fails as a matter of law, even construing it as arising under the MCPA. Section 445.904(1)(a) of the MCPA states that the entire MCPA does not apply to "transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). "It is settled Michigan law that state savings banks conducting residential mortgage loan transactions fall under this exemption and are thus not bound by the MCPA." *Salman v. U.S. Bank*, NA, No. 11–10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct. 18, 2011) (citations omitted). "Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions." *Chungag v. Wells Fargo Bank, N.A.*, No. 10–14648, 2011 WL 672229, at *4 (E.D. Mich. Feb.17,

2011). Plaintiff's claim under the MCPA thus fails because the MCPA's strictures do not apply to the mortgage transaction at issue.

## IV. CONCLUSION

It is the practice of this Court to provide an opportunity to amend when a plaintiff is faced with a dismissal that is readily curable, since slight defects should not condemn an otherwise viable complaint. Here, however, amendment of Plaintiff's complaint would be futile. While Plaintiff has proffered a number of claims, she has offered precious few factual allegations in support thereof; her allegations are fundamentally lacking. Further, her other counts are unsupportable either because they are not recognized causes of action or because Plaintiff lacks standing. Subsequent amendment would not cure these defects. Therefore, for the reasons stated in this opinion, dismissal of Plaintiff's complaint is warranted.

IT IS HEREBY ORDERED that Defendants' motion to dismiss [Dkt. #4] is GRANTED.

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated: June 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther  
Case Manager  
(313) 234-5137